UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60675-RAR

**REBECCA KNORPEL**,

    Plaintiff,

v.

**NATIONAL SPECIALTY INSURANCE CO.**,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand [ECF No. 3] ("Motion"), filed on April 10, 2023. Having reviewed the Motion, Defendants' Response [ECF No. 8], the relevant caselaw, and with the benefit of oral argument [ECF No. 13], it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## BACKGROUND

On November 8, 2022, Plaintiff Rebecca Knorpel filed a Notice of Intent to Litigate ("Notice") with the Florida Department of Financial Services. *See* Mot. at 2, Ex. 2 at 1 [ECF No. 3–2]. As required by section 627.70152 of the Florida Statutes, the Notice included a damages estimate in the amount of $182,710.00. *Id.* Defendant National Specialty Insurance Company responded to that Notice via email on November 10, 2022. Mot. Ex. 3 at 1 [ECF No. 3–3]. On or about December 2, 2022, Plaintiff filed this action for breach of contract against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Notice of Removal [ECF No. 1] at 1. The face of Plaintiff's Complaint solely alleged damages of more

than $30,000 without specifying an exact amount.[1]  *Id.*  Defendant was served with the Complaint and Summons on December 19, 2022.[2]  *Id.*

On February 14, 2023, Defendant served Plaintiff with its First Federal Diversity Jurisdiction Request for Admissions and Interrogatories.  *See* Notice of Removal at 2.  On March 9, 2023, Plaintiff admitted in her response to the Request for Admission Numbers 3 and 4 that the amount of damages she was seeking, exclusive of attorneys' fees and costs, was greater than $75,000.  *Id.*  Plaintiff is a resident of Florida and Defendant is a Texas corporation with its principal place of business in Texas.  *Id.* at 2.  On April 4, 2023, Defendant filed a Notice of Removal.  *Id.* at 5.

Plaintiff filed the instant Motion on April 10, 2023, arguing that Defendant's removal of the case was untimely.  *See* Mot. at 1.  Specifically, Plaintiff notes that under 28 U.S.C. section 1446(b), each defendant has 30 days to remove an action upon receiving documents that provide the basis for removal.  Resp. at 4 (quoting *Lowry v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007)).  Plaintiff argues that the thirty-day removal clock for Defendant began to run the day Defendant was served with the Complaint on December 19, 2022, because Defendant already had notice of Plaintiff's requested damages amount of **$182,710.00** via the Notice, which is required by section 627.70152 governing suits arising under a property insurance policy.  *See* Fla. Stat. § 627.70152; Mot. at 4; *see also* oral argument [ECF No. 13].

Defendant counters that the Notice filed in November 2022, prior to the filing of the Complaint, was not sufficient to establish the amount in controversy.  Resp. at 3.  Defendant

---

[1]  Plaintiff highlights, however, that the Civil Cover Sheet had the box checked for damages greater than $100,000.  Mot. at 3.

[2]  Defendant maintains that the Civil Cover Sheet was not served on Defendant with the Complaint.  Resp. at 1.

acknowledges that section 1446(b)(3) does permit an "other paper" to provide the basis for establishing the amount in controversy. *Id.* But Defendant argues that the Notice in this case filed "before the initial pleading" is "procedurally improper" and insufficient to put Defendant on notice of the amount in controversy. From Defendant's perspective, only after receiving Plaintiff's response to the Request for Admission on March 9, 2023, admitting a damages amount greater than $75,000, did Defendant's removal clock begin to run. *See* Resp. at 5.

## LEGAL STANDARD

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. This includes actions where the federal court has diversity jurisdiction under 28 U.S.C. section 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000. On a motion to remand, the removing party shoulders the burden of establishing federal subject matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Critical to the analysis here, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

In determining whether subject matter jurisdiction exists, the Court focuses on the amount in controversy at the time of removal, not at any later point. *Stern v. First Liberty Ins. Co.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020) (citations omitted). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in

controversy exceeds the jurisdictional requirement." *Id*. (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006), abrogated on other grounds by *Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014)) (quotations omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*.

## ANALYSIS

Defendant's thirty-day window for removal in this case began to run on December 19, 2022, upon Defendant being served with the Complaint. Courts are permitted to look to "other papers," including pre-suit demand letters, when adjudicating the amount in controversy for removed cases. *See Shields v. Fresh Market, Inc.*, No. 19-cv-60725, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) ("Courts have previously held that pre-suit demand letters can qualify as 'other papers' under 28 U.S.C. § 1446(b)(3).") (collecting cases); *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 n.4 (M.D. Fla. 2009) ("[R]emoval would be appropriate if Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount."). Here, the statutorily required filing of a Notice of Intent to Litigate functions as a pre-suit demand letter.

The version of section 627.70152 in effect at the time Plaintiff filed her Notice and Complaint governed suits arising under property insurance policies and imposed tailored requirements on plaintiffs' pre-suit demand letters. Although the Florida Legislature has since revised portions of the statute, the version of section 627.70152 in effect from May 26, 2022, to December 15, 2022, governed the filing of Plaintiff's Notice on November 8, 2022.[3] That version of the statute required Plaintiff to provide a specific "estimate of damages," and incorporated

---

[3] The Florida Legislature has since amended section 627.70152 and eliminated the "Attorney fees" section. This change became effective December 16, 2022. Accordingly, the Court's analysis only applies to the version of section 627.70152 in effect from July 1, 2021, through December 15, 2022.

penalties in the "Attorney fees" section for exaggerated estimates in the form of fee-shifting provisions.  *See* Fla. Stat. §§ 627.70152(3), 627.70152(8).

For example, if the difference between the amount awarded to the claimant and the pre-suit demand amount is less than 20 percent of the disputed amount, a claimant's counsel cannot recover attorneys' fees.  *See* Fla. Stat. § 627.70152(8)(a)(1).  If the claimant prevails at trial and obtains an amount of "at least 20 percent but less than 50 percent of the disputed amount," then the insurer pays the claimant's attorneys' fees "equal to the percentage of the disputed amount obtained times the total attorney fees and costs."  *See* Fla. Stat. § 627.70152(8)(a)(2).  Applying these provisions to the facts at hand, if Plaintiff were hypothetically to recover an amount less than 20 percent of her pre-suit damages estimate of **$182,710.00**, her counsel could not recover attorneys' fees under the statute.  If Plaintiff were to recover a damages amount between 20 to 50 percent of **$182,710.00**, her counsel could only obtain that equivalent percentage in attorneys' fees. If either of these scenarios transpired, Defendant would surely rely on the **$182,710.00** pre-suit demand amount to argue against Plaintiff counsel's full recovery of attorneys' fees.  These guardrails incentivize plaintiffs' attorneys and their clients to present an accurate pre-suit settlement demand amount prior to filing suit, and seriously diminish any incentive to exaggerate that amount or engage in puffery.

This conclusion squares with prior caselaw.  The Eleventh Circuit has held, in the context of adjudicating the amount in controversy for removed cases, that a "settlement offer, by itself, may not be determinative, [but] it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).  While settlement offers may not automatically establish the amount in controversy for purposes of diversity jurisdiction, "courts have analyzed whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the

plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FtM-38MRM, 2020 WL 897986, at *2 (M.D. Fla. Feb. 25, 2020) (internal quotations and citations omitted); *see also Moses v. Home Depot U.S.A., Inc.*, No. 13-60546-CIV, 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013) ("While a pre-suit demand letter alone may not be determinative of the amount in controversy when it reflects 'puffing' and 'posturing,' a demand letter that provides specific information to support the plaintiff's claim for damages is entitled to more weight.") (internal alterations and quotations omitted).

This Court has explained that pre-suit settlement demands are insufficient to establish the amount of controversy when they are subject to puffery and exaggeration. *See Beauliere v. JetBlue Airways Corp.*, No. 20-CIV-60931-RAR, 2020 WL 6375170, at *5 (S.D. Fla. Oct. 29, 2020). In *Beauliere*, the Court noted several reasons why an unregulated pre-suit settlement demand could be considerably higher than the ultimate amount in controversy. The plaintiff might "simply be wishing to 'start high' to induce a higher counteroffer from the defendant, or a plaintiff could be factoring in a defendant's wish to avoid the tangential costs of litigation, such as attorney's fees or potential damage to a defendant's public reputation." *Id.* at *3. Under this scenario, a defendant relying on a pre-suit demand letter to establish the amount in controversy must demonstrate that the settlement demand "contains specific evidence substantiating the plaintiff's offer." *Id.* (citing *Shields*, 2019 WL 1648974, at *2 (explaining that while a "demand letter, standing alone, may not be enough to satisfy the jurisdictional amount," when "combined with" supporting documentation, it can establish the amount in controversy)). Failure to provide "specific evidence substantiating the plaintiff's offer" will often prevent the Court from seriously considering a pre-suit settlement demand in adjudicating the amount in controversy. *See Shields*, 2019 WL 1648974, at *2.

In this case, by contrast, Plaintiff's first party property insurance pre-suit settlement demand is regulated by statute. *See* Fla. Stat. § 627.70152. Plaintiff and Plaintiff's counsel are severely disincentivized from engaging in puffery or posturing via their pre-suit demand in a Notice of Intent to Litigate because a failure to recover that amount could result in recovering a fraction of attorneys' fees or no attorneys' fees at all. *See* Fla. Stat. § 627.70152(8)(a)(1). And while it is true that Plaintiff's Notice did not include additional attachments that "itemized the damages, attorney fees, and costs" as called for by section 627.70152(8)(3)(a)(5)(a), this lack of supplemental information is not detrimental to ascertaining the overall amount in controversy. The fact remains that Plaintiff's compliance with the portion of the statute requiring an "estimate of damages"—and serving that Notice on Defendant prior to the commencement of the lawsuit—was sufficient to put Defendant on notice at the time of being served with the Complaint that this case was removable pursuant to 28 U.S.C. section 1446(b). Thus, Defendant's removal of this case in April of 2023 was untimely.[4]

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 3] is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Each party shall bear its own attorney's fees and costs in connection with this Motion to Remand. The Clerk of Court is directed to **CLOSE** this case and **FORWARD** a copy of this Order to the Clerk of Court for the

---

[4] Plaintiff also argues that the Civil Cover Sheet filed along with her Complaint checked the box indicating a claim amount greater than $100,000. *See* Mot. at 5; Ex. 4 at 1 [ECF No. 3–4]. While the Court acknowledges the Civil Cover Sheet supports Plaintiff's argument here, it is not dispositive as Defendant disputes ever receiving it. *See* oral argument [ECF No. 13]. The Court's adjudication of the Motion to Remand hinges on the statutorily mandated Notice and its ability to establish the amount in controversy.

Seventeenth Judicial Circuit in and for Broward County, Florida. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida this 30th day of April, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**